UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-21067-BLOOM/Otazo-Reyes

LESLIE HERNANDEZ,

    Plaintiff,

v.

NEO PET SPA, INC., *and*
OREN BEN HAROSH,

    Defendants.
_____/

**ORDER ON MOTION FOR REMAND**

**THIS CAUSE** is before the Court upon Plaintiff Leslie Hernandez's Motion for Remand, ECF No. [7] ("Motion"). Defendants Neo Pet Spa, Inc. and Oren Ben Harosh ("Defendants") filed a Response in Opposition, ECF No. [21], to which Plaintiff filed a Reply, ECF No. [26]. The Court has carefully reviewed the Motion, all opposing and supporting submissions, the record, the applicable case law, and is otherwise fully advised. For the reasons set forth below the Motion is granted.

**I.    BACKGROUND**

Plaintiff initiated this action on February 12, 2023, by filing a Complaint in the Circuit Court of the Eleventh Judicial Circuit in and for Miami Dade County, Florida. ECF No. [1-1]. The Complaint alleges seven counts: failure to pay overtime and/or regular time compensation pursuant to the Fair Labor Standards Act ("FLSA") (Count I); breach of oral contract (Count II); unjust enrichment (Count III); violations of unfair and deceptive trade practices act (Count IV); declaratory relief (Count V); violations of Fla. Stat. § 440.205 (Count VI); and FLSA retaliation

(Count VII). *Id*. On March 20, 2023, Defendants removed the case to this Court pursuant to 28 U.S.C. §§1331 and 1441. ECF No. [1].

On April 9, 2023, Plaintiff filed the instant Motion in which she argues this Court lacks jurisdiction to consider Count VI which is a claim related to workers' compensation law. *See generally* ECF No. [7]. Plaintiff contends that because Count VI must be remanded and is neither separate nor independent from any other claim, the entire action must be remanded. *Id*. at 2-5. Defendants respond that Plaintiff's request for remand is improper because this Court has original jurisdiction over claims brought pursuant to the FLSA and has supplemental jurisdiction over all other claims, including Count VI. *See generally*, ECF No. [21].

## II.   LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*. (citing *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11 (1799) and *McNutt v. Gen. Motors Acceptance Corp*., 298 U.S. 178, 182-183 (1936)).

## III.   DISCUSSION

Plaintiff argues that her claim of violation of Fla. Stat. § 440.205 must be remanded pursuant to 28 U.S.C. § 1445(c). Plaintiff further contends that because she should not be subjected to the risk of inconsistent adjudication of the motive for discharge in cases simultaneously litigated in federal and state court, the entire action should be remanded. Defendant responds that "Federal Courts in this circuit have permitted claims brought pursuant to the FLSA and Fla. Stat. § 440.205 to proceed through summary judgment briefings and settlement." ECF No. [21] at 7.

Case No. 23-cv-21067-BLOOM/Otazo-Reyes

Plaintiff cites to binding Eleventh Circuit precedent instructing that "28 U.S.C. § 1445(c) bars the removal of claims from state court 'arising under the workmen's compensation laws' of the forum state." *Reed v. Heil Co.*, 206 F.3d 1055, 1058 (11th Cir. 2000). The Eleventh Circuit, considering a retaliatory discharge claim brought under an Alabama worker's compensation law, held that "the federal court lacks subject matter jurisdiction to entertain [plaintiff's] retaliatory discharge claim; it must be remanded to state court." *Id*. at 1061.  When considering Fla. Stat. § 440.205 the Eleventh Circuit has reached the same conclusion. *See Alansari v. Tropic Star Seafood Inc.*, 388 F. App'x 902, 905-06 (11th Cir. 2010). In *Alansari*, the Eleventh Circuit held that "[b]ecause the district court lacked subject-matter jurisdiction over Alansari's state workers' compensation retaliation claim, we conclude that it erred in refusing to remand the claim to state court." *Id*. at 905.

Defendant cites to cases involving a claim for violation of Fla. Stat. § 440.205 which proceeded to summary judgment or settlement in federal courts in this circuit. Notably none of the cases cited involve a request for remand by the Plaintiff. *See Bustamante v. Superior Scaffolding & Insulation Inc.*, No. 22-CV-551, 2022 WL 18106567 (M.D. Fla. Dec. 8, 2022), *report and recommendation adopted,* No. 22-CV-551, 2023 WL 23054 (M.D. Fla. Jan. 3, 2023) (recommending that settlement be approved); *Goodman v. Florida Pop, LLC*, No. 21-CV-13189, 2022 WL 17366599, at *4 (11th Cir. Dec. 2, 2022) (holding that the "district court erred in granting summary judgment on grounds not raised by the parties."). Defendants cited only one case in which a court considered a request not to exercise supplemental jurisdiction over a claim brought pursuant to Fla. Stat. § 440.205. *See Ferreira-Silva v. AW Prof'l & Maint. Serv., Inc.*, No. 21-CV-61442, 2022 WL 2438156 (S.D. Fla. June 5, 2022).  In that case, a court in this district said "[t]he Parties have not adequately briefed this issue, and Defendants' position is not clear. Accordingly,

3

the Court will deny Defendants' request not to exercise supplemental jurisdiction." *Id*. at *10.  As such, the Court is not persuaded by Defendants' argument that the Court should exercise supplemental jurisdiction to consider the Fla. Stat. § 440.205 claim where Eleventh Circuit binding precedent clearly demands it be remanded.

The remaining question is whether the entire case should be remanded or just Count VI. Plaintiff argues that she "should not be subjected to the risk of inconsistent adjudication if the motive for discharge is simultaneously litigated in federal and state court." ECF No. [7] at 5. Defendants state that "[t]he overarching concern with remanding Plaintiff's state law claims is that it may likely result in a violation of the prohibition against receiving double recovery for the same alleged wrong." ECF No. [21] at 8. Although the Eleventh Circuit has not squarely addressed the necessity of remand of an entire case under these conditions, Plaintiff cites to decisions from both the Sixth and Eighth Circuits which found that remand of the entire case is proper. *See Humphrey v. Sequentia, Inc.*, 58 F.3d 1238, 1247 (8th Cir. 1995) (reversing the district court's denial of plaintiff's motion to remand because "the case was improperly removed and . . . the district court lacked jurisdiction to hear th[e] case."); *Snuggs v. Excel Mfg. of Kentucky, Inc.*, 187 F.3d 638 (6th Cir. 1999) ("28 U.S.C. § 1445(c) prevents removal of cases 'arising under' state workers' compensation law even where there is diversity of citizenship between the parties."). Thus, it is evident that, although it has original jurisdiction over the FLSA claims, it is in the interest of both judicial economy and consistent adjudication of the issues to remand all claims to the Eleventh Judicial Circuit.

Case No. 23-cv-21067-BLOOM/Otazo-Reyes

## IV.     CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that this case is **REMANDED** to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 25, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record